UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-22713-JEM/Becerra

AISHIA PETERSEN,

    Plaintiff,

v.

STELLA MCCARTNEY AMERICA, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** came before the Court on Plaintiff Aishia Petersen's Motion for Entry of Final Default Judgment. ECF No. [8]. Defendant Stella McCartney America, Inc. did not file a response to the Motion and the time to do so has passed. Upon due consideration of Plaintiff's Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion be **GRANTED IN PART AND DENIED IN PART**.

    **I.    BACKGROUND**

This is an action under Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181–12189 (the "ADA"), 28 C.F.R. Part 36, *et seq.*, seeking injunctive and declaratory relief, attorney's fees, costs, and litigation expenses. ECF No. [1]. Plaintiff alleges that she is legally blind and uses visual-aid software, specifically, Jobs Access With Speech and Apple Screen Reader VoiceOver, to access computer materials, including websites. *Id.* ¶¶ 34-35.

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [10].

Plaintiff further alleges, on information and belief, that Defendant owns, operates and/or manages Stella McCartney physical stores in this District, which offers luxury clothing, bags and shoes for sale to the general public. *Id*. at ¶¶ 37, 42.

According to the Complaint, Defendant's website, https://www.stellamccartney.com (the "Website"), is incompatible with screen-reader software, which impedes Plaintiff's "full and equal access" to the Website. *Id*. at ¶¶ 48-49. Plaintiff alleges that Defendant owns and operates the Website. *Id*. at ¶ 7. The Website is allegedly a point of sale for Defendant's physical stores, whereby members of the public can purchase Defendant's products for in-store and curbside pickup, and it provides information regarding store locations, product pricing and discounts. *Id*. at ¶¶ 6, 15-17.

Plaintiff alleges that she was denied access to the Website on several occasions because the Website "is built in digital code that impedes screen-reader software to work." *Id*. at ¶ 12. Plaintiff identifies five "access barriers" that allegedly prevent her from "free and full use of screen reader software." *Id*. at ¶ 48. According to Plaintiff, as a result of these barriers, she was "unable to learn (1) Defendant's store locations open in h[er] area; (2) the cost of Defendant's products; (3) buy a Stella McCartney bag on the Website and pick up at the nearest Stella McCartney's store; (4) get the special discounts; (5) register online (create an account); and (6) product pricing and finalizing an online purchase." *Id*. at ¶ 49.

Plaintiff alleges that she "would like to become Defendant's patron and access the Defendant's physical store and the Website in the near future but the barriers Plaintiff encountered on Defendant's Website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and-mortar stores." *Id*. at ¶ 60. Plaintiff also alleges that she "intends to monitor the Website in the near future, as a tester, to ascertain whether [it] has been updated

2

and remedied to work properly with screen-readers." *Id.* ¶ 22.  Plaintiff contends that her inability to "access the Defendant's Website and comprehend the electronic pages contained therein … left [Plaintiff] with the feeling of **segregation, rejection, isolation**, frustrated and humiliated and **unable to participate** in a manner equal to that afforded to others who are no similarly disabled." *Id.* at ¶ 61.

On September 2, 2022, Plaintiff served Defendant with the Complaint.[2]  ECF No. [4].  Defendant did not timely file a response or otherwise appear in this action, and therefore, on September 30, 2022, the Clerk entered a Default against Defendant.  ECF No. [6].  Thereafter, the Court entered an Order on Final Default Judgment Procedure which, among other things, required Defendant to file a response to the Complaint and a motion to set aside the Clerk's Default by October 26, 2022.  ECF No. [7].  Defendant did not comply with the Court's Order, nor did it seek an extension of the deadline therein.  Accordingly, Plaintiff filed the instant Motion, requesting the entry of default judgment against Defendant, seeking injunctive relief requiring Defendants to comply with ADA accessibility requirements, as well as an award of $10,196.00 in attorneys' fees, costs, and litigation expenses.  ECF No. [8].

## II.     ANALYSIS

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court "to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).  However, "[a] defendant's default does not in itself warrant the court entering a default judgment." *Id.* (quoting *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)).  The decision to grant a motion for default judgment is within the Court's discretion.  *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515

---

[2] Plaintiff served Defendant through its registered agent in Plantation, Florida.  ECF No. [4].

3

F.2d 1200, 1206 (5th Cir. 1975)). Because a defendant is not held to admit conclusions of law or facts that are not well-pled, the Court must determine whether the complaint adequately states a claim upon which relief may be granted. *See id.* (citing *Nishimatsu*, 515 F.2d at 1206); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default[.]").

An adequately stated claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Well-pled factual allegations are deemed to have been admitted by the defaulting defendant. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Once liability is established, the Court must then assess forms of relief. *See Chanel, Inc. v. French*, No. 0:05-cv-61838, 2006 WL 3826780, at *2 (S.D. Fla. Dec. 27, 2006). Remedies for ADA violations include injunctive relief, reasonable attorneys' fees, costs, and litigation expenses. *See* 42 U.S.C. §§ 12188-12205.

**A. Plaintiff Has Sufficiently Pled a Claim.**

Title III of the ADA provides that:

> "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation."

42 U.S.C. § 12182(a). To prevail on a website accessibility claim under Title III of the ADA, "a plaintiff must establish '(1) that the plaintiff is disabled; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant denied the plaintiff—on the basis of the disability—full and equal enjoyment of the premises.'" *Gomez v. Dadeland Dodge, Inc.*, No. 19-cv-23682, 2020 WL 8919440 at *2 (S.D. Fla. Apr. 24, 2020) (quoting *Price v. City of Ocala, Fla.*, 375 F. Supp. 3d 1264, 1269 (M.D. Fla. 2019)). The ADA sets forth several requirements for places of public accommodation, "and a failure to comply with these

4

requirements is often defined as discrimination." *Barberi v. Pub. Storage*, No. 19-cv-62172, 2020 WL 4060547 at *2 (S.D. Fla. May 8, 2020).

Title III's protection "covers both tangible . . . and intangible barriers." *Rendon v. Valleycrest Productions, Ltd.*, 294 F.3d 1279, 1283 (11th Cir. 2002). As such, goods and services offered as part of a place of public accommodation are similarly subject to ADA compliance, and "cannot discriminate against people on the basis of a disability, even if those goods and services are intangible." *Haynes v. Dunkin' Donuts, LLC*, 741 F. App'x 752, 754 (11th Cir. 2018). This may include e-commerce platforms, such as a website. Courts recognize that "if a website operates as an intangible barrier to a physical place of public accommodation, a plaintiff can state a claim under Title III of the ADA." *Ariza v. Broward Design Ctr., Inc.*, No. 22-cv-61475, 2022 WL 10262037 at *2 (S.D. Fla. Oct. 18, 2022). In order to properly state a Title III claim based upon alleged inaccessibility of a website, "the nexus [between the violation and the physical place of public accommodation] must concern 'an inability to use a website that impedes access to enjoy a physical location.'" *Gomez*, 2020 WL 8919440 at *2 (quoting *Price v. Everglades College, Inc.*, 2018 WL 3428156, at *2 (M.D. Fla. July 16, 2018)). For the following reasons, the undersigned finds that Plaintiff has sufficiently alleged that she was denied access to the Website in violation of the ADA.

First, Plaintiff alleges she is legally blind and thus disabled under the ADA. ECF No. [1] ¶ 2. Second, Plaintiff alleges that Defendant owns and operates physical Stella McCartney stores and its corresponding Website whereby customers can purchase products for in-store or curbside pickup, and obtain information regarding store locations, product pricing and discounts, such that the Website constitutes a place of public accommodation. *Id.* ¶¶ 6-7, 15-18, 37, 40-41, 44-45. Third, Plaintiff alleges that she was barred from enjoying the services and facilities of Defendant's

5

physical store and related Website because the Website does not properly interact with screen-reader software. *Id.* ¶¶ 19, 21, 48-49, 60, 62. Plaintiff further alleges she intends to make additional attempts to patronize Defendant's Website to purchase Stella McCartney clothing and accessories. *Id.* ¶¶ 20, 60, 63. Plaintiff contends that she will suffer continuous and ongoing harm until the Website is readily accessible to and usable by visually impaired individuals. *Id.* ¶ 64. Accordingly, the Court finds that Plaintiff has adequately stated a claim for violation of Title III of the ADA and **RECOMMENDS** that final default judgment be entered against Defendant as to liability.

### B. Plaintiff Has Not Shown That She Is Entitled to Her Requested Permanent Injunction.

"If the plaintiff establishes a violation of the ADA, an injunction is an appropriate form of relief." *Thornton v. Hosp. Mgmt. Associates, Inc.*, 787 F. App'x 634, 639 (11th Cir. 2019) (citing 42 U.S.C. §§ 12188(a)(2), 2000a-3(a)). As discussed above, the undersigned finds that Plaintiff has properly stated a claim for violation of the ADA, and is thus entitled to an injunction. *See Spence v. Antojitos Mexicanos #1 Inc.*, No. 22-cv-61193, 2022 WL 4465392, at *4 (S.D. Fla. Sept. 24, 2022). Indeed, "[b]ecause 'a defendant, by his default, admits the plaintiff's well-pleaded allegations of fact,' Plaintiff's request for injunctive relief warrants entry of a final default judgment." *Id.* (quoting *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). *See also Braithwaite v. Cozy Corner & Novelties LLC*, No. 18-CV-63053, 2019 WL 8884621, at *1 (S.D. Fla. May 23, 2019) ("Pursuant to these allegations, Plaintiff has clearly stated a claim for relief under the ADA, entitling him to corresponding injunctive relief.") (citing *Nolamas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011)).

The Court now turns to the injunctive relief requested. Specifically, Plaintiff asks the Court to enter an injunction requiring that Defendant "takes steps as necessary to bring its website

https://www.stellamccartney.com into substantial compliance with the ADA with respect to the areas of inaccessibility as delineated within [Plaintiff's] Expert Report … within two years of the date of entry of the Court's Order[.]" ECF No. [8] at 5. However, Plaintiff has not filed a copy of her expert's report, or otherwise described the specific "areas of inaccessibility" identified therein. These deficiencies, at this stage, are fatal to the request for an injunction. Defendant would not be able to comply with the terms of Plaintiff's requested injunction because the areas of inaccessibility are not described with any specificity. Indeed, they have not been delineated at all. Because Federal Rule of Civil Procedure 65(d) requires that "every order granting an injunction … must … state its terms specifically and describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required", FED. R. CIV. P. 65(d)(1)—a standard which Plaintiff has not satisfied—on this record, an injunction should not be entered. As such, the undersigned **RECOMMENDS** that Plaintiff's request for an injunction be **DENIED WITHOUT PREJUDICE**.

### C. Plaintiff Can Recover Costs, But Not Attorney's Fees Or Litigation Expenses.

Under the ADA, the Court has discretion to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs[.]" 42 U.S.C. § 12205. Plaintiff seeks attorney's fees totaling $5,784.00 for legal services provided by her attorney, Acacia Barros, Esq., at an hourly rate of $620.00, and by Ms. Barros's paralegal at an hourly rate of $136.00. ECF No. [8] at 4. In assessing the appropriateness of attorneys' fees, courts first calculate "the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Buchholz v. Sai Saffron 180 LLC*, No. 19-cv-21499, 2019 WL 5617927 at *2 (S.D. Fla. Oct. 31, 2019). The fee applicant bears the burden of providing satisfactory evidence that the requested rate is in line with the prevailing market rate and that the hours expended are reasonable. *Ariza v.*

*Wolf Fashion LLC*, No. 22-cv-21944, 2022 WL 3591294 at *2 (S.D. Fla. Aug. 22, 2022). Further, Local Rule 7.3 requires a fee applicant to provide, among other things, "the identity, experience, and qualifications for each timekeeper for whom fees are sought." S.D. Fla. L.R. 7.3(a)(5).

Plaintiff's counsel has failed to comply with these requirements. Plaintiff's counsel has not provided *any* information regarding her qualifications or experience other than a generalized statement that she is "a practicing attorney licensed by the Florida Bar" and has "been in practice since 2013 and obtained [her] license to practice in that same year." *See* ECF No. [8-1], *Affidavit of Attorney's Fees*, at ¶ 2. Plaintiff's counsel has not provided *any* information regarding the identity, qualifications, or experience of her paralegal. *Id*., *generally*. Plaintiff also offers no evidence that the requested hourly rate of $620.00, which far exceeds the hourly rate typically found reasonable in this District for similar ADA cases, is "in line with the prevailing market rate."

Similarly, Plaintiff's counsel has failed to sufficiently demonstrate that the hours expended were reasonable, as several of Ms. Barros's time entries reflect administrative tasks that, if compensable, are more appropriately completed by a paralegal. Further, the undersigned notes that the Complaint appears to be a boilerplate pleading with typographical errors and obvious placeholders that were not modified for this case (e.g., "*Blind Plaintiff* needs to plan *his* outgoings…;" "*Binding Court* acknowledged that Title III's public accommodation protection…;" repeated references to both "she/her" and "him/his" pronouns throughout the Complaint). ECF No. [1] at ¶¶ 2, 25, 30, 46-49, 50, 52, 56, 61-62, 68, 70) (emphasis supplied). These errors, along with the failure to properly support the requested injunction discussed above, raise questions regarding the amount of time that Plaintiff's counsel devoted to this action. Given that Plaintiff's counsel has not developed the record necessary to support the attorney's fees sought, the

8

undersigned **RECOMMENDS** that Plaintiff's request for an award of attorney's fees be **DENIED WITHOUT PREJUDICE**.

Plaintiff also seeks to recover $3,200.00 related to "preparation of Stella McCartney's website preliminary expert report" and an "anticipated reinspection fee" of $750.00. ECF No. [8] at 4. In an ADA case, a prevailing plaintiff may recover expert fees as litigation expenses. *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006). Because expert witness fees typically fall within the scope of litigation expenses, ADA Section 12205 "provides direct authority for the award of expert fees[.]" *Id.* (citing *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002)). However, Plaintiff has not submitted a copy of the expert's invoice(s) or even the expert's report. Indeed, Plaintiff does not identify the name of her expert, much less provide the expert's qualifications so that the Court can assess the reasonableness of the fee requested. Similarly, Plaintiff provides no basis for the Court to award an "anticipated" reinspection fee that, at this point in time, appears speculative at best. On this record, Plaintiff has failed to properly support the litigation expenses sought and, thus, the undersigned **RECOMMENDS** that this request be **DENIED WITHOUT PREJUDICE**.

With respect to costs, Plaintiff seeks to recover the court filing fee of $402.00 and the process server's fee of $60.00. ECF No. [8] at 4. In ADA cases, courts may award those costs enumerated in 28 U.S.C. § 1920. *See Jacobson v. City of W. Palm Beach*, No. 16-cv-81638, 2017 WL 6366791 at *2 (S.D. Fla. Aug. 1, 2017) (determining that Section 1920 costs are available to the prevailing party in ADA cases). Filing fees are recoverable under Section 1920(1), as is the cost for service of process. The recoverable amount for private process servers' fees "may not exceed the cost of having the U.S. Marshal's Service effectuate service." *Lucius v. ILOV305 I, LLC*, No. 22-cv-20533, 2022 WL 4634115 at *5 (S.D. Fla. Sept. 7, 2022), *report and*

9

*recommendation adopted*, No. 22-cv-20533, 2022 WL 4598688 (S.D. Fla. Sept. 30, 2022); *see also James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) ("This Circuit has held that § 1920(1) . . . authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's service effectuate service."). At the time service of process occurred here, the U.S. Marshals charged $65.00 per hour for each item served. *See Lucius*, 2022 WL 4634115 at *5. The docket of this action reflects that Plaintiff paid the $402.00 filing fee, and she submitted an invoice from the process server reflecting a charge of $60.00, ECF No. [8-6], which is below the rate charged by the U.S. Marshal. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's request for costs in the amount of $462.00 be **GRANTED**.

### III.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Entry of Final Default Judgment, ECF No. [8], be **GRANTED IN PART AND DENIED IN PART**. Specifically, the undersigned recommends that a default judgment as to liability be entered against Defendant and Plaintiff be awarded costs of $462.00, but that Plaintiff's request for injunctive relief, attorney's fees, and litigation expenses be denied without prejudice.

### IV.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28

10

U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on June 5, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**